# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA J. LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-2158** |
| **UNITED STATES OF AMERICA** | **SECTION: S (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by the defendant, the United States of America (Doc. #28), is **DENIED**.

## BACKGROUND

This matter comes before the court on a motion for summary judgment filed by the defendant, the United States of America. Defendant argues that there is no genuine issue of material fact that an unreasonably dangerous condition did not exist, or that defendant did not have constructive or actual knowledge of an unreasonably dangerous condition.

On February 3, 2004, plaintiff, Brenda J. Lee ("Lee"), slipped and fell on the floor of the Veterans Administration Hospital (the "VA Hospital") in New Orleans, Louisiana. Lee alleges that she fell because the floor was wet as a result of its being recently mopped, and there was no warning sign cautioning that the floor was slippery. Lee alleges that this created an unreasonably dangerous

condition on the defendant's premises. Further, Lee alleges that the defendant knew or should have known of the unreasonably dangerous condition of the wet hospital floor.

## ANALYSIS

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Defendant's Motion for Summary Judgment Regarding Lee's Personal Injury Claim**

The Federal Torts Claim Act ("FTCA") provides the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission or any employee of the Government while acting within the scope of his office or employment..." 28 U.S.C. § 2679(b)(1). Pursuant to the FTCA, any liability of the United States of America for personal injury is determined on the basis of "the law of the place where the act or

2

omission occurred." Id. at § 1346(b). In Louisiana, in order to establish a negligence claim against a hospital in a slip and fall case, the plaintiff must show that the fall occurred and that the injury resulted from a foreign substance being on the hospital's premises. Millet v. Evangeline Health Care, Inc., 839 So.2d 357, 361 (La. Ct. App. 2003) (citing Neyrey v. Touro Infirmary, 639 So.2d 1214, 1216 (La. Ct. App. 1994)). Then, the burden shifts to the hospital to exculpate itself from the presumption of negligence by showing that it acted reasonably to discover and correct the dangerous condition reasonably anticipated in the business activity. Id. (citing Neyrey, 639 So.2d at 1216.) "A hospital owes a duty to its visitors to exercise reasonable care commensurate with the particular circumstances." Id. (citing Neyrey, 639 So.2d at 1216.)

Lee testified in her deposition and sworn affidavit that the floor upon which she slipped was wet because it had been recently mopped by a VA Hospital employee, i.e. defendant's employee. Lee also testified that defendant's employees failed to place warning signs on this unsafe location. Further, she testified that a hospital security guard informed her that there should have been a rubber mat in the area where she fell. Specifically, plaintiff testified that,

> ...I slipped, and I fell, and when I went down, the security guard that was working there, he came and helped me up. He told me that someone had just mopped the floor. That's why it was slippery, had just mopped the floor, and as they picked me up to put me in the wheelchair, he called for the VA employee to put down a rug because he said he had told someone to put down a rug to cover the floor.
>
> They didn't have a rug, and they didn't have no cautio[n] sign saying that it was wet, and he called for somebody, and as I was in the wheelchair, the young man, the VA worker, he came out to lay the rug.

Lee Deposition p. 28, l. 22 - p.29, l. 11.

Accordingly, there is evidence that suggests that an injury occurred at defendant's hospital caused by the presence of a foreign substance as a result of the floor being recently mopped, and the lack of a warning sign on the unsafe location. Also, there is evidence that shows that defendant knew, or should have known, about the unsafe condition. As a result, there are genuine issues of material fact that preclude summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, the United States of America (Doc. #28), is **DENIED**.

New Orleans, Louisiana, this 25th day of June, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**